JiDECUIR, Judge.
Plaintiff appeals the judgment of the Office of Workers’ Compensation awarding her TTD benefits at the rate of $120.83 per week, penalties in the amount of $2,000.00 and attorney’s fees in the amount of $1,500.00. We affirm.
Sherryl Ryder was employed by Garan’s Inc. as a sewing machine operator when she was injured during the course and scope of her employment on September 30, 1995. The parties stipulated that plaintiff was paid $112.48 per week based upon an average weekly wage of $168.72. Compensation benefits were commenced on October 1, 1995. Defendant contends that because plaintiff was paid based upon production, the compensation rate was properly calculated pursuant to the “other wages” provision of La.R.S. 23:1021(10)(d). The record reflects that after trial, defendant discovered an error in calculation resulting in a change of the compensation rate from $112.48 to $120.83, or a weekly difference of $8.35. Defendants, by correspondence dated June 25, 1997 (which correspondence was received into evidence) forwarded a check in the amount of $751.50 representing past |2due benefits and indicated that future benefits would be paid at the new rate. The workers’ compensation judge found that the “other wages” provision of La.R.S. 23:1021(10)(d) applied and accepted $120.83 as the proper compensation rate. The workers’ compensation judge further found that because plaintiffs employer was not paying the correct rate, plaintiff was entitled to penalties and attorney’s fees.
Plaintiff contends that the workers’ compensation judge erred in failing to find that she was paid by the hour and in awarding only $1,500.00 in attorney’s fees. Plaintiff also requests attorney’s fees in connection with this appeal.
The sole issues at trial were the determination of the proper compensation rate and plaintiffs request for penalties and attorney’s fees. The record reflects that no live testimony was elicited at trial, and the case was determined on stipulations and documents introduced into evidence. One of the stipulations at trial was that if plaintiff were called to testify, she would testify that she was guaranteed to be paid $38.00 and “some odd cents” per day if she worked eight hours a day.
La. R.S. 23:1021(10) provides in pertinent part:
(10) “Wages” means average weekly wage at the time of the accident. The average *57 weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater; or
(ii) If the employee is paid on an hourly basis and the employee was offered employment for forty hours or more but regularly, and at his own discretion, works less than forty hours per week for whatever reason, then, the average of his total earnings per week for the four full weeks preceding the date of the accident; or....
(d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the Utwenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by the average number of days worked per week; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by the average number of days worked per week.
Plaintiff contends she was employed on an hourly basis and the proper compensation rate is $174.14 and not $120.89, and that no evidence was presented to support the workers’ compensation judge’s finding that plaintiff was not paid on an hourly basis and that the “other wages” provision establishes the correct manner of calculation.
The only evidence presented by plaintiff was the stipulation that she would be paid $38.00 per day for an eight hour day, resulting in what she alleges is a guaranteed hourly wage of $4.75 per hour. Plaintiff contends that defendant produced no evidence that plaintiff was paid based upon production. However, the plaintiffs earnings record and check stubs were introduced. These records indicate that dividing plaintiffs weekly gross wages by the number of hours worked per week results in different hourly rates. This evidence contradicts plaintiffs claim that she was paid on an hourly basis and supports défendant’s claim that plaintiff was paid based upon production. If plaintiff were an hourly employee, her gross wages divided by the number of hours worked would yield the same hourly rate. Further evidence that plaintiff was not an hourly employee is the fact that hourly rates for overtime wages differ, and even hourly rates for eight-hour holiday pay range from $5.12 an hour to $4.84 per hour. Finally, in reasons for judgment, the workers’ compensation judge correctly notes that plaintiff does not directly dispute that she was paid based upon production.
|4Whether or not plaintiff is an hourly employee involves a factual determination which is subject to the manifest error standard of review. See Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). Applying that standard, we find no error in the workers’ compensation judge’s finding that plaintiff was not employed on an hourly basis and that the “other wages” provision of La. R.S. 23:1021(10)(d) establishes the correct manner of calculation.
Lastly, plaintiff contends the award of attorney’s fees in the amount of $1,500.00 is inadequate. This assignment is without merit. We note that the record is devoid of any evidence of arbitrary and capricious behavior on the part of the defendant. The workers’ compensation judge awarded penalties and attorney’s fees because the defendant was not paying the correct rate. Despite the lack of evidence, defendant did not appeal this award. Thus, this award will not be disturbed on appeal.
Plaintiffs request for attorney’s fees on appeal is denied.
The judgment of the Office of Workers’ Compensation is affirmed. Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.
AMY, J., dissents and assigns reasons.