STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-872

PATSY SYLVESTER BARBIER

VERSUS

KRAFT FOODS

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF EVANGELINE, NO. 13-01121
ADAM JOHNSON, WORKERS' COMPENSATION JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and David Kent Savoie, Judges.

**AFFIRMED.**

Michael B. Miller
Jacqueline B. Manecke
Attorneys at Law
Post Office Drawer 1630
Crowley, Louisiana 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
    Patsy Sylvester Barbier

**Leslie E. Hodge**
**Lindsay F. Louapre**
**Brown Sims, P.C.**
**Poydras Center, Suite 2200**
**650 Poydras Street**
**New Orleans, Louisiana 70130**
**(504) 638-8472**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Kraft Foods**

**GENOVESE, Judge.**

In this workers' compensation case, Claimant, Patsy Sylvester Barbier, appeals the judgment of the Office of Workers' Compensation (OWC) finding her average weekly wage (AWW) to be $911.55. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ms. Barbier sustained a work related injury during the course and scope of her employment as a sales representative with Kraft Foods (Kraft) on February 13, 2012. On February 7, 2013, she filed a Form 1008/Disputed Claim for Compensation with the OWC, wherein she listed several bona fide issues in dispute. The parties entered into stipulations relative to all issues except the amount of Ms. Barbier's AWW and the amount of attorney fees to which she was entitled.

Following a trial on the merits on November 25, 1213,[1] the workers' compensation judge (WCJ) ruled that Ms. Barbier was a salaried employee who was paid bonuses and that the correct corresponding calculation of her AWW was $911.55. The WCJ also awarded Ms. Barbier $10,000.00 in attorney fees. A judgment in accordance therewith was signed March 5, 2014. Ms. Barbier appeals only the WCJ's calculation of her AWW.

## ASSIGNMENT OF ERROR

In her sole assignment of error, Ms. Barbier contends that the WCJ erred in the calculation of her AWW. She contends that in making the AWW calculation, the WCJ erroneously: (1) considered her to be a salaried employee; (2) disregarded the amount that she should have actually been paid pursuant to the Fair Labor

_____

[1]These remaining issues were submitted to the WCJ on briefs and evidence. Thereafter, the WCJ issued oral reasons on December 18, 2013.

Standards Act; and, (3) omitted a $500.50 non-monetary payment from the calculation.[2]

## LAW AND DISCUSSION

In reaching its conclusion as to the calculation of Ms. Barbier's AWW, the WCJ considered Ms. Barbier's wage records and a document entitled Kraft Salary Plus Breakout Training Session, which were introduced into evidence. Based upon these exhibits, the WCJ concluded that "Ms. Barbier was a salaried employee and [that] she received bonuses." Based upon this determination, the WCJ computed her AWW to be $911.55. As set forth above, Ms. Barbier takes issue with three factors or components underlying the AWW calculation.

First, Ms. Barbier argues that although the WCJ determined that she was a salaried employee who received bonuses, the evidence established that she was actually "paid hourly with overtime, bonuses[,] and prizes." She argues that "the actual records show her pay was based on how many hours she worked at her hourly rate[,] and not based on a salary." She contends that her paychecks show that her hourly wage rate was $17.5082, and that her pay fluctuated, depending on the number of hours she worked. Thus, Ms. Barbier concludes that her AWW should be calculated pursuant to La.R.S. 23:1021(13)(a)(i).[3]

_____

[2]Ms. Barbier specifically identifies these factors or components of the AWW calculation as issues presented for our review.

[3]Louisiana Revised Statues 23:1021(13)(a)(i) provides:

    (13) "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:

    (a) Hourly wages.

    (i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater[.]

2

To the contrary, Kraft disagrees with Ms. Barbier on her appropriate classification and counters that the evidence shows that Ms. Barbier was, in fact, a salaried employee who was paid bonuses. Additionally, according to Kraft, the hours that Ms. Barbier considers overtime are really bonuses which are treated as "other wages" for purposes of calculating AWW pursuant to La.R.S. 23:1021(13)(d).[4]

In the present case, the record, specifically Ms. Barbier's check stubs, supports the WCJ's determination that Ms. Barbier was a salaried employee earning $36,417.00 per year. As such, the minimum amount that she would receive per week was $700.33. This amount was owed to Ms. Barbier even if she worked less than forty hours in any given week. Additionally, Ms. Barbier's annual salary included payment for time that she was not working for holidays, vacation, and sick leave. The fact that her pay is expressed in hourly terms on her pay stubs does not negate her status as a salaried employee.

In addition to her annual salary, Ms. Barbier was eligible to receive additional payment for hours that she worked in excess of forty hours per week. This payment was structured pursuant to Kraft's salary plus program. Evidence of her eligibility for extra pay for these hours is supported by the Salary Plus Breakout Training Session documentation in the record. This evidence likewise supports the conclusion that Ms. Barbier was paid a salary; thus, she was guaranteed a minimum payment per week regardless of the actual hours worked,

---

[4]We note that, in brief, Kraft mistakenly cites La.R.S. 23:1021(12)(d) instead of La.R.S. 23:1021(13)(d) which provides, in pertinent part:

> (d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by the average number of days worked per week[.]

which minimum payment would be supplemented by Kraft pursuant to the salary plus program.

Whether or not a claimant is an hourly employee is a factual determination by the WCJ which is subject to the manifest error standard of review. *Ryder v. Garan's, Inc.*, 98-192 (La.App. 3 Cir. 6/3/98), 716 So.2d 55, *writ denied*, 98-1814 (La. 10/30/98), 727 So.2d 1162. In this case, the WCJ's conclusion that Ms. Barbier was a salaried employee is reasonable in light of the record. Therefore, we find no manifest error in this determination.

The second issued raised by Ms. Barbier relative to the calculation of her AWW is that the WCJ failed to include an amount which she contends she "should have been paid" pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, which requires that an employee be paid time-and-a-half for the hours the employee works over forty hours a week.[5] However, we find no merit to this contention.

The method utilized by Kraft in paying Ms. Barbier a base salary along with extra amounts for any hours she worked over forty hours each week is referred to as a "fluctuating workweek" method. Kraft maintains that Ms. Barbier was not an hourly employee and that this alternative method of payment "is proper under the Fair Labor Standard Act (FLSA). *See* 29 C.F.R. § 778.114." Given Ms. Barbier's pay structure, the WCJ agreed with Kraft that Ms. Barbier was not an hourly employee and that her salary plus pay was akin to bonuses which are factored into a claimant's AWW in accordance with La.R.S. 23:1021(13)(d)'s provision to account for "other wages." We find no error in this determination by the WCJ.

---

[5]In this regard, we note that Kraft asserts in brief that "[a]ny dispute [Ms. Barbier] may have had regarding whether she should have been paid traditional time-and-a-half overtime versus salary plus should have been brought by complaint to the Wage and Hour Division of the United States Department of Labor[,]" which she did not do. Kraft opines that "[a] determination on this issue is not within the province of the workers' compensation court."

Finally, Ms. Barbier argues that she received a non-monetary taxable prize valued at $500.50 which should have been included in the calculation of her AWW. She contends that this amount constitutes "other wages" as contemplated by La.R.S. 23:1021(13)(d). Citing *Sterling v. Asplundh Tree Expert Co.*, 03-266 (La.App. 3 Cir. 10/1/03), 856 So.2d 125, *writ denied*, 03-3017 (La. 1/30/04), 865 So.2d 79, and *Batiste v. Capitol Home Health*, 96-799 (La.App. 3 Cir. 5/7/97), 699 So.2d 395, Ms. Barbier notes that "[a]ny fringe benefit that is taxable must be included in the employee's pay unless the benefit is specifically excluded by law."[6] Ms. Barbier concludes that "[b]ecause the prize was a taxable fringe benefit she received during the twenty six week period before her accident, this amount should have been included in the calculation of her [AWW]."

Although Kraft agrees with the legal proposition that, unless specifically excluded by law, fringe benefits are to be included in the calculation of an employee's AWW, Kraft argues that Ms. Barbier failed in her burden of proof in this regard. Kraft asserts that Ms. Barbier "had the burden at trial of proving that the non-monetary prize she received was, in fact, a taxable benefit." Although "the prize was listed as imputed income on [Ms. Barbier's] pay stub[,]" Kraft argues that this is insufficient proof of a taxable benefit. Kraft notes, for example, that items such as group life insurance and health savings account contributions were

---

[6]Louisiana Revised Statutes 23:1021(13)(f) provides:

> (f) Income tax. In the determination of "wages" and the average weekly wage at the time of the accident, no amount shall be included for any benefit or form of compensation which is not taxable to an employee for federal income tax purposes; however, any amount withheld by the employer to fund any nontaxable or tax-deferred benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage including but not limited to any amount withheld by the employer to fund any health insurance benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage.

also included as "Other Taxable Benefits/Imputed Income" on Ms. Barbier's paychecks despite such benefits being specifically excluded in the calculation of AWW. *See* La.R.S. 23:1021(13)(f). We agree with Kraft and find no error in the WCJ's determination that the amount of $500.50 was not to be included in the calculation of Ms. Barbier's AWW.

## **DECREE**

For the reasons assigned, the judgment of the Office of Workers' Compensation is affirmed. Costs of this appeal are assessed to Patsy Sylvester Barbier.

**AFFIRMED.**